**Dora Alicia HERNANDEZ; Nestor Anibal Orellana Hernandez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 06–74438, 07–70401.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 3, 2010.

Sung Uk Park, Esquire, Los Angeles, CA, for Petitioner.

Nestor Anibal Orellana Hernandez, Mission Hills, CA, pro se.

OIL, Carlos J. Ruiz, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Dora Alicia Hernandez and Nestor Anibal Orellana Hernandez, mother and son and natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's order denying their applications for cancellation of removal, as well as the BIA's subse-

quent order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). In No. 06–74438, we dismiss in part and deny in part the petition for review. In No. 07–70401, we deny the petition for review.

Nestor Hernandez waived any challenge to the agency's conclusion that he is ineligible for cancellation of removal. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not raised and argued in a party's opening brief are waived).

Dora Hernandez's equal protection claim is unavailing, because the U.S. citizen child of a person unlawfully present in the United States is not similarly situated to the U.S. citizen child of a person lawfully present in the United States. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir.2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."). Dora Hernandez's due process claims do not raise a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.")

Petitioners fail to address, and therefore have waived any challenge to, the BIA's January 5, 2007, decision denying reopening. *See Martinez–Serrano*, 94 F.3d at 1259–60.

Petitioners' motion to remand is denied.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In No. 06–74438: PETITION FOR RE-
VIEW DISMISSED in part; DENIED in
part.

In No. 07–70401: PETITION FOR RE-
VIEW DENIED.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.